Avery, J.
It became a question before the jury, on the trial of the case below, whether the defendant, the Stark County company, had given its assent to the insurance effected in the Lexington company; and the court in charging upon that point, used this language, “ That authority to give such assent may be given to an agent by a director of the company, or by the secretary, and this authority may be given by parol.”
To secure from the owner vigilance and constant care over the property insured, it is the practice of these companies to cover by their policies a part only of the loss. They insure no property for its full value, or for an amount greater than the value, because it is found necessary to guard against negligence on the part of the insured, and sometimes against his dishonesty. It is necessary, also, for the same reason, to provide, that the insured shall not effect policies at his pleasure, upon the same property, in other insurance companies.
The subject is considered of so much importance, that for this company it is provided in the act of their incorporation, if insurance on any building insured by the company, shall subsist at the same time in any other office, the insurance by the company shall become void, unless such double insurance subsist with the consent of the directors or agents,' signified by indorsement on the back of the policy, signed by the president and secretary.
With the object of extending the provisions to all other property to be insured by the company, amongst the condi tions annexed to the policy, and -declared to be a part thereof, is one in the following words: “ If insurance on the same property insured by this policy, or any part thereof, shall at the date thereof, or during its continuance, subsist in any *177 other company, without the consent of this company, this policy shall be void.”
The policy is void, then, without the consent of the company. The insured in such ease, if upon the trial, another policy is shown to exist, must prove that it was effected with the consent of the company. He takes the affirmative. The company only can give the consent, not a member, or even an officer, unless it be further shown that he was previously authorized by the company.
This company has pointed out the mode in which its consent is to be given. It has provided for this in one of its by-laws, which the plaintiff, being a member of the company, is supposed to know. The by-law is in these words : “ The president and secretary may, in behalf of the company, give leave to effect additional insurances in other companies, on buildings or other property insured by this company; not in any case, however, for a greater sum or amount than the difference between the sum insured by this company, and two-thirds of the estimated value of the buildings or other property so insured; and also to indorse such leave on the policy so insured by this company — the same to be recorded in a book provided for that and other purposes.” Here is the only mode, according to the charter and by-laws, authorized by the company, for giving its consent. The president and secretary must give the leave, and unless some other law be shown, there is no authority in a director or secretary to give such leave.
The charge of the court, then, by which the jury were instructed, that such assent might be given by a director or secretary, was erroneous.
Errors, it is alleged, are also to be found 'in other portions of the charge, and the court erred, it is claimed, in not granting a new trial, upon the motion of the defendant.
The error which has been particularly noticed above, must cause a reversal of‘the judgment; and as to the rest of the errors assigned, we are not agreed to declare either one of them sufficient for that purpose. Judgment reversed.